**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RITCHIE N. STEVENS and JULIE KEEN-STEVENS,<br><br>　　Plaintiffs,<br><br>vs.<br><br>LL BRADFORD, INC.; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive, UNITED STATES OF AMERICA,<br><br>　　Defendants. | 2:12-cv-00030-ECR-GWF<br><br>**Order** |

　　On February 16, 2012, the United States filed a motion to dismiss (#8) for lack of subject matter jurisdiction, arguing that Petitioners' Petition to Quash (#1) was untimely. Petitioners opposed (#13).

　　On October 26, 2011, Internal Revenue Service ("IRS") Agent John A. Rocco issued a Third-Party Administrative Summons to Defendant LL Bradford, Inc., seeking the client files of Plaintiffs Ritchie N. Stevens and Julie Keen-Stevens. (Petition to Quash ¶ 7 (#1).)  On November 7, 2011, Plaintiffs advised Agent Rocco that the summons was illegal and issued without authority, and demanded that the summons be withdrawn.  (Id. ¶ 9.)  On November 28, 2011, Plaintiffs filed the Petition to Quash (#1), which was subsequently removed to this Court.

The United States argues that the Petition to Quash (#1) must be dismissed for lack of jurisdiction, as the petition was filed more than twenty days after notice of the summons was given.  28 U.S.C. § 7609(b)(2)(A) provides that when an IRS summons is issued, a taxpayer "shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given."  The twenty-day filing requirement of § 7609(b)(2)(A) is jurisdictional, and "must be strictly construed because it is a condition precedent to the waiver of sovereign immunity."  Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985).  A district court does not have jurisdiction where the plaintiff has failed to comply with the twenty-day filing requirement.  Id.

Plaintiffs argue that they have complied with § 7609(b)(2) by advising Agent Rocco of their objections to the summons.  Plaintiffs are incorrect.  The applicable Treasury Regulations provide that to institute a proceeding to quash a summons, a person entitled to notice "must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person . . . [f]ile a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court" and notify the IRS by sending a copy of that petition to quash.  26 C.F.R. § 301.7609-4(b)(2).  It is not enough to simply object by advising an IRS agent of the alleged illegality of the summons.  Plaintiffs failed to "begin a proceeding to quash" the summons within twenty days as required under § 7609. The Court lacks jurisdiction to consider the Petition to Quash (#1).

2

**IT IS, THEREFORE, HEREBY ORDERED** that the Motion to Dismiss (#8) is **GRANTED**. Plaintiffs failed to timely initiate a proceeding to quash the summons. Therefore, the Petition (#1) must be dismissed.

The Clerk shall enter judgment accordingly.

DATED: September __25__, 2012.

_____
UNITED STATES DISTRICT JUDGE

3